**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BOBBY WEATHERTON (#197387)** | **CIVIL ACTION** |
| **VERSUS** | |
| **SUSAN K. JONES, ET AL.** | **NO. 12-0298-BAJ-DLD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 31, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BOBBY WEATHERTON (#197387)**                               **CIVIL ACTION**

**VERSUS**

**SUSAN K. JONES, ET AL.**                                   **NO. 12-0298-BAJ-DLD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Ascension Parish Jail, Donaldsonville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983, against defense attorneys Susan K. Jones, Blaine M. Hebert and Allan J. Robert, complaining that the defendants violated his constitutional rights in connection with their defense of his criminal prosecution in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana.

Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). See Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. Neiztke v. Williams, supra, Denton v. Hernandez, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1993. Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). A § 1915(e) dismissal may be made at any time,

before or after service of process and before or after an answer is filed.  Green v. McKaskle, supra.

In his Complaint, the plaintiff alleges that he is an indigent African-American criminal defendant and has been represented in pending criminal proceedings by appointed attorneys Susan K. Jones, Blaine M. Hebert and Alan J. Robert, all of whom are Caucasian and all of whom are employed by the by the 23rd Judicial District Indigent Defender Board.  The plaintiff alleges that during the course of his criminal proceedings, the defendant attorneys have violated his federally protected right to be free from racial discrimination in the making and enforcement of private contracts under 42 U.S.C. § 1981.  Specifically, he asserts that the defendants have developed "antipathy and condemnation" toward him, allegedly because of his involvement in an interracial relationship with the woman who he is accused of having raped and kidnaped.  The plaintiff complains that, as a result, the defendants have "violated the plaintiff's protected rights ... by ... committing a series of ('provable') procedural acts, errors and omissions against the plaintiff that were racially motivated," and further, that "the procedural acts, errors and omissions were especially designed and carried out with the racially motivated purpose and intent to surrender the plaintiff for the alleged rape and kidnap."

The plaintiff's Complaint fails to allege facts which state a claim upon which relief may be granted.  In this context, a civil rights plaintiff must support his allegations with specific factual details which demonstrate the existence of a constitutional deprivation, and he may not simply rely upon conclusory allegations.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Under Iqbal, plaintiffs have the burden of alleging sufficient facts to demonstrate that they are entitled to the relief requested.  Allegations of fact which merely permit an inference of possible misconduct do not meet this burden of showing entitlement to relief.  Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009), cert. denied, ___ U.S. ___, 130 S.Ct. 1505, 176 L.Ed.2d 110 (2010).  When assessing the sufficiency of a Complaint, a Court is directed to distinguish between factual allegations which, if true, would establish the elements of an asserted claim, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, supra.  Although courts are required to assume the veracity of facts asserted in a

Complaint, they are "not bound to accept as true a legal conclusion couched as a factual allegation." Id.

In the instant case, the plaintiff's allegations are conclusory in the extreme. The gist of his claim is that because he is African-American, because the defendants are Caucasian, and because he was involved in an interracial relationship with the alleged victim of the offenses charged, the defendants have intentionally engaged in numerous acts which have been specifically intended to sabotage his criminal defense and to result in his conviction in connection with these offenses. The plaintiff fails, however, to provide a single example of any specific wrongdoing by the defendants, and he fails to provide any factual information whatever to support his claim that such wrongdoing has been motivated by racial animus. Accordingly, the plaintiff's lawsuit is subject to dismissal as legally frivolous and for failure to state a claim upon which relief may be granted. See, e.g., Hamilton v. Service King Auto Repairs, 437 Fed.Appx. 328 (5th Cir. 2011) (affirming dismissal, as frivolous, of claims of racial discrimination made pursuant to 42 U.S.C. § 1981 because the claims were "unsubstantiated and conclusory").[1]

Finally, even if the plaintiff's conclusory allegations may be interpreted to sufficiently assert a claim arising under 42 U.S.C. § 1981, it is clear that the plaintiff's cause of action is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Pursuant to Heck, in order for a person to recover damages for harm caused by actions, the unlawfulness of which would render a conviction or sentence invalid, a plaintiff must establish that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal

---

[1] It is unclear whether 42 U.S.C. § 1981 is applicable to the plaintiff's claims. This statute prohibits interference with an individual's right to make or enforce a contract on the basis of race. Inasmuch as the defendant attorneys in this case were apparently appointed by the state court to represent the plaintiff, the applicability of the referenced statute is not clear inasmuch as the plaintiff has not alleged that he has entered into a contractual relationship with any of the defendants. See Jackson v. Biedenharn, 429 Fed.Appx. 369 (5th Cir. 2011) (holding that the plaintiff had no claim under § 1981 against a housing facility to which he was transferred upon release from incarceration because he had not been shown to have contracted with that facility). The Court need not resolve this issue, however, in light of the Court's conclusion that the plaintiff has not otherwise sufficiently alleged a cause of action under this statute.

court's issuance of a writ of habeas corpus." Id. Inasmuch as the plaintiff has apparently been tried and convicted in connection with some or all of the criminal charges levied against him, his claim relative to the alleged racially motivated ineffective assistance of his appointed attorneys, which claim, if successful, would disclose constitutional deficiencies in the pertinent criminal conviction(s), is barred unless and until the plaintiff can show that the conviction(s) have been invalidated by a court of competent jurisdiction.  See, e.g., Villegas v. Galloway, 458 Fed.Appx. 334 (5th Cir. 2012), cert. denied, ___ U.S. ___, 2012 WL 3061925 (Jan. 9, 2012); Combs v. City of Dallas, 289 Fed.Appx. 684 (5th Cir. 2008); Bonner v. Castloo, 193 Fed.Appx. 325 (5th Cir. 2006).  In the absence of such a showing, it is appropriate that the plaintiff's claim be dismissed as legally frivolous within the meaning of 28 U.S.C. § 1915(e).

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915e, without prejudice to the plaintiff's right to seek habeas corpus relief under 28 U.S.C. § 2254 or other relief upon satisfaction of the conditions set forth in Heck v. Humphrey, supra.[2]

Signed in Baton Rouge, Louisiana, on October 31, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[2] Note that 28 U.S.C. § 1915A(g) specifically provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."